TITLER v. IOWA COUNTY.

1. **Bridges:** EVIDENCE. In an action against a county for injuries received
by the falling of a bridge, the records of the board of supervisors are
not admissible to show that they appropriated money for repairing or
reconstructing the bridge.

2. ———: LIABILITY OF COUNTY. To establish the liability of the county,
it must be shown that prior to the accident the county had assumed
control of the bridge, or made appropriations for building or keeping
it in repair.

Titler v. Iowa County.

*Appeal from Iowa District Court.*

WEDNESDAY, APRIL 3.

AN action to recover for injuries to the person and property of plaintiff, sustained by the falling of a bridge while he was crossing it. After plaintiff had submitted his testimony at the trial the cause was withdrawn from the jury, on the ground that plaintiff had offered no testimony tending to support his cause of action, and judgment was rendered against him for costs, from which he appeals. Other facts of the case appear in the opinion.

*D. H. Wilson* and *Hedges & Alverson,* for appellant.

*Rumple & Lake,* for appellee.

BECK, J.—I. The plaintiff offered in evidence a record made in the minute book of the supervisors, showing an appropriation for material used in repairing or reconstructing

1. BRIDGES: evidence. the bridge, after the injuries for which plaintiff sues were sustained; an objection to its admission was sustained. This ruling is assigned as error. We think it correct. Defendant cannot be made liable on the ground that it rebuilt the bridge. Its liability depends upon its relation to the bridge which fell, not to a new one. The point demands no further attention.

II. The plaintiff insists that the record of appropriations by the county, for the purpose of building the bridge which fell while plaintiff was crossing it, was admitted in evidence. The amended abstract, filed by defendant, shows that this testimony was rejected. The plaintiff does not deny the correctness of the amended abstract, but argues that it, taken with the original abstract, shows that the testimony was admitted. We cannot concur in this conclusion. We think the testimony was rejected. It is not proper for us to inquire whether this action of the court was correct, for plaintiff does not assign it as error.

II. The action of the court in withdrawing the case from the jury must be reviewed upon the testimony admitted by

2 ——: LIABIL-
ITY of county. the court.   We cannot reach the conclusion that
there was any testimony submitted to the jury tending to prove
that the county had ever assumed control of the bridge, or made
appropriations for building it or keeping it in repair.   These
facts, certainly, if not more, must be made to appear, in order to
establish defendant's liability.   There was no error in with-
drawing the case from the jury.

AFFIRMED.